IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EDWARD F. HOLBROOK                                                         PETITIONER

v.                                                                                               No. 2:06CV55-D-A

CHRISTOPHER EPPS, ET AL.                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Edward F. Holbrook for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

**Facts and Procedural Posture**

The petitioner was convicted in the Second Judicial District of the Circuit Court of Panola County, Mississippi, of attempted burglary, two counts of attempted arson of a dwelling, and one count of attempted murder. He was sentenced as a habitual offender to serve four concurrent terms of life imprisonment in the custody of the Mississippi Department of Corrections. State Court Record (S.C.R.), Vol. 1, pp. 44-45. He is currently housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. He appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated by the petitioner):

> A. The court erred in overruling defendant's motion to suppress evidence seized by law enforcement officers conducting two (2) searches of defendant's home.

B. The court erred in ruling that venue was proper in Panola County, Mississippi.

C. The court erred in finding defendant a habitual offender pursuant to Miss. Code Ann. § 99-19-83.

On January 13, 2004, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Holbrook v. State,* 877 So. 2d 525 (Miss. App. 2004), *reh'g denied,* March 23, 2004, *cert. denied*, July 12, 2004 (Cause No. 2002-KA-01722). The petitioner then sought review of the state court's decision in the United States Supreme Court. That petition for *certiorari* was denied by Order filed February 22, 2005.

On January 23, 2006, the petitioner filed an "Application for leave to Proceed in the Trial Court with Petition for Post-Conviction Relief" and a "Motion for Post Conviction Collateral Relief" in the Mississippi Supreme Court in which he raised the following issues (as stated by the petitioner):

A. Petitioner was denied due process of law and the right to be tried by a fair and impartial jury.

B. Petitioner was denied due process of law and the right to be free from unlawful search and seizure.

C. Petitioner was denied due process of law and the right to equal protection of law and the guarantee that a person shall not be compelled in any criminal case to be a witness against himself without due process of law.

D. Petitioner was denied effective assistance of counsel as the United States Constitution guarantees and thus denying the petitioner other Constitutional guarantees afforded him by both state and federal Constitution - due process of law.

The Mississippi Supreme Court dismissed the application with prejudice on February 23, 2006, holding:

The panel finds that most of the claims raised in the petition either were raised at trial and on direct appeal or could have been raised. The panel therefore finds that those claims are procedurally barred. Miss. Code Ann. § 99-39-21. Notwithstanding the procedural bar, the panel finds those claims to be without merit. The panel further finds that Holbrook has not sufficiently shown that his prior attorney was constitutionally ineffective pursuant to *Strickland v. Washington*. The panel therefore finds that the petition should be denied.

On March 30, 2006, Holbrook filed the instant federal petition for writ of *habeas corpus* in this Court, wherein he raised the following grounds for relief (as stated by the petitioner, with the exception of Grounds Six and Seven, which the court here summarizes in the interest of brevity and clarity):

**Ground One**: USCA IV and VIV- Due process, unlawful search and seizure; probable cause; USCA V right to remain silent –

**Ground Two**: USCA IV and XIV - Unlawful search and seizure and probable cause for search.

**Ground Three**: USCA V and XIV - Due process and indictment.

**Ground Four**: USCA V, VI and XIV - Due process of law and the right to be tried by a fair and impartial jury.

**Ground Five**: USCA V, VI and XIV - Holbrook was denied effective assistance of counsel. The following are the allegations of ineffective assistance raised therein:

1. Counsel failed to perform an investigation in Holbrook's criminal case.

2. Counsel failed to pursue defendant's "sole" defense.

3. Counsel failed to include "guilt beyond a reasonable doubt" in motion for JNOV.

4. Counsel failed to put the prosecution's proof to a meaningful adversarial test.

5. Counsel was (absent) in punishment stage.

> 6. Counsel abandoned defendant upon filing the appellant's brief.

**Ground Six**: USCA V, VI and XIV - Holbrook was improperly indicted and convicted as a habitual offender.

**Ground Seven**: USCA V, VI and XIV - Holbrook was denied the right to a fair trial when the "jury disregarded the jury instructions of law" as compared to the proof presented by the State.

**Grounds One, Seven, and a Portion of Ground Three**
**(Sufficiency of the Indictment as to Attempt)**

The petitioner raised the claims set forth in Grounds One and Seven, and the portion of Ground Three challenging the sufficiency of the indictment as to the attempt crimes, in his motion for post-conviction relief. The Mississippi Supreme Court found these claims to be procedurally barred under MISS. CODE ANN. § 99-39-21(1) because the petitioner did not raise the claims at trial or on direct appeal. As such, the claims are not subject to federal *habeas corpus* review. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Holbrook's issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims

identical or similar to those raised by the petitioner himself." *Id*. The petitioner has not proved "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id*. at 861.

The court may nevertheless review these claims if the petitioner can prove cause for his default and actual prejudice resulting from it. *Coleman*, 501 U.S. at 750, *Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). The cause for default must be "something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of adequate cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991).

As the petitioner has not shown cause, the court need not consider whether he has suffered prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Finally, the petitioner will not suffer a fundamental miscarriage of justice if the court declines to hear these claims on the merits because the petitioner has not shown that, "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner has not presented any evidence to prove that he is actually innocent of the crimes of his conviction. As such, the petitioner's claims in Ground One, the portion of Ground Three discussed above, and Ground Seven must be dismissed with prejudice.

### Grounds One and Two: Search and Seizure Claims Precluded from Review in This Court Because They Were Adjudicated in State Court

In Ground One, the petitioner raises a Fourth Amendment challenge to his arrest and the search and seizure of items from his car. In Ground Two, he challenges the two searches of his home. The petitioner raised the claim in Ground One in his post-conviction motion, and the state court found it to be procedurally barred – and alternatively without merit. The petitioner raised the claim in Ground Two on direct appeal, and the state court held it, too, to be without merit. Grounds One and Two are therefore precluded from *habeas corpus* review. *Stone v. Powell*, 428 U.S. 465 (1976). Then "the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial . . . ." *Id*. at 482. Thus, federal courts may not entertain Fourth Amendment claims "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct appeal." *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (quoting *Stone v. Powell*, 428 U.S. at 494, n.37); *Penry v. Lynaugh,* 832 F.2d 915, 918 (5th Cir. 1987) (citations omitted). The petitioner bears the burden to plead and prove the denial of a full and fair hearing in state court. *Davis*, 803 F.2d at 1372.

An opportunity for full and fair litigation "mean[s] just that: 'an opportunity[,]' . . . whether or not the defendant employs those processes." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). Regardless of the success of a Fourth Amendment claim, the mere opportunity to present a claim to the trial and appellate courts "constitutes 'an opportunity for full and fair consideration' of a defendant's

fourth amendment claim under *Stone*" – unless petitioner can establish "sufficient factual allegations and proof that the state process is 'routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits.'" *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981) (citations omitted).

The petitioner clearly had such an opportunity. He did not directly challenge the seizure of items from his automobile in his motion to quash the search warrant, but he had the opportunity to do so. The petitioner moved to suppress the evidence seized by law enforcement agents during the two searches of his home. SCR Vol. 1, pp. 7-8. The trial court conducted a thorough hearing on the motion to suppress. SCR, Vol. 2, pp. 1-63. The trial court determined that adequate underlying facts and circumstances – giving rise to sufficient probable cause – existed to issue the warrants and that there was no constitutional reason to quash the warrants. *Id.* at p. 61-63. The trial court denied the petitioner's motion on August 12, 2002. Clerk's Papers, p. 9. In addition, the Mississippi Court of Appeals discussed the issue and found that any errors in the search warrant did not rise to the level to invalidate the warrants, and that there was sufficient probable cause for issuance of both warrants. *Holbrook,* 877 So. 2d at 528. The petitioner had two opportunities to present his claims – in his motion to suppress and the review by the Mississippi Court of Appeals. As such, Grounds One and Two are precluded from review in this *habeas corpus* proceeding and shall be dismissed with prejudice.

**Grounds Three (Habitual Portion of Indictment), Four, Five, and Six:
Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds Three (habitual portion of indictment), Four, Five, and Six on the merits and decided those issues against the petitioner;

hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the

prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Three (habitual portion), Four, Five, and Six of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground Six and the Habitual Offender Portion of Ground Three

In a portion of Ground Three and in Ground Six, the petitioner challenges the sufficiency of the indictment charging him as a habitual offender. The claims challenging the indictment are matters of state law only and are therefore precluded from federal *habeas corpus* review. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief because no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless it can be shown that the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003). The petitioner never challenged the sufficiency of the indictment as it related to the attempt crimes charged; rather, he challenged the habitual offender portion of the indictment that called for an enhanced sentence. The petitioner thus cannot prove that the indictment was so defective it deprived the court of jurisdiction. Further, if the state court has held that an indictment is sufficient under state law, "a federal court need not address that issue." *McKay,* 12 F.3d at 68 (citations omitted).

The Mississippi Court of Appeals found that the petitioner's indictment adequately charged him as a habitual offender. *Holbrook,* 877 So. 2d at 535. As such, this court need not address the issue. The alleged violation of state rules, without more, is not a ground for federal *habeas corpus* relief. Thus, not only are the claims in Ground Three and Six challenging the habitual portion of the indictment meritless, the claim is a matter of state law that is precluded from *habeas corpus* review. Hence, the claims challenging the habitual offender portion of the indictment in Ground Three and Ground Six should therefore be dismissed.

**Ground Four: Improper Venue**

In Ground Four, the petitioner argues that he was denied the right to a fair trial because he was tried in the wrong venue. The petitioner argues that he should have been tried in Tate County Circuit Court because he resided in Tate county and was arrested there. Instead, he was tried in Panola County Circuit Court because he planned for the fires, burglary, and murder to occur in Panola County. The Mississippi Court of Appeals held that the venue provision of the Sixth Amendment "has not been found to be fundamental and has not been incorporated into

state process," and noted that the Mississippi Supreme Court has found that the "Sixth Amendment's venue requirement applies to state prosecutions." *Holbrook v. State,* 877 So. 2d at 529. The Mississippi Court of Appeals then discussed both federal law and state law governing such venue claims, *id.* at 529-535, including recent United States Supreme Court decisions concerning venue. The court found that the petitioner's case "remains within the acceptable boundaries of constitutional venue. The effect in Panola County of this attempted arson is the *sine qua non* of the criminal nature of the acts that Holbrook committed, making the location of the effect integral to the crime and a proper venue for charges." *Id.* at 532. The court concluded that prosecution in Panola County "satisfied both the state and the federal constitutions." *Id*. at 533.

The petitioner's allegations in Ground Four fail to state a claim that would entitled him to *habeas corpus* relief. Further, the state court's decision in Ground Four was neither contrary to nor an unreasonable application of any clearly established federal law. As such, the petitioner is not entitled to relief on his claim in Ground Four, which shall be dismissed with prejudice.

### Ground Five: Ineffective Assistance of Counsel

The petitioner claims in Ground Five that his counsel was constitutionally ineffective. The controlling law for such claims is *Strickland v. Washington*, 466 U.S.668 (1984). To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, the petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). The court must dismiss the claim if the petitioner fails to establish either prong of the test. *Moawad v. Anderson*, 143 F.3d

942, 946 (5th Cir. 1998). Under the deficiency prong, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must give great deference to counsel's actions, considering all circumstances existing at the time, and without benefit of the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). To prevail on this claim, the petitioner must overcome the strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. Thus, the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

The petitioner sets forth six claims that counsel was ineffective: that counsel (1) failed to perform an investigation in the petitioner's case; (2) failed to pursue defendant's "sole" defense; (3) failed to include "guilt beyond a reasonable doubt" in his motion for judgment notwithstanding the verdict; (4) failed to put the prosecution to meaningful adversarial testing; (5) failed to be present at the punishment phase; and (6) abandoned the petitioner after filing the

-12-

appellant's brief on direct appeal.

### Failure to Investigate, Failure to Pursue Proper Defense, and
### Failure to Put State's Case to Adversarial Testing

The petitioner's claims that counsel failed to investigate, failed to pursue a defense, and failed to put the state's case to adversarial testing are merely conclusory. He does not set forth what facts and circumstances counsel failed to investigate, what additional information counsel could have sought to support a different defense, or what more counsel could have done to put the state's case to adversarial testing. The petitioner has not made "particularized allegations or [identified] probative evidence in the record tending to support his allegations." *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Mere "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal *habeas* proceeding." *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted). As the petitioner has not alleged what specific actions counsel should have taken – or chosen not to take – the petitioner has not stated a *habeas corpus* claim under 28 U.S.C. § 2254. In addition, the petitioner has not alleged or proved how counsel's actions gave rise to an unfair trial. "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims].'" *Miller,* 200 F.3d at 282 (quoting *Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992)). For these reasons, the petitioner's claims that counsel failed to investigate, pursue a proper defense, or challenge the prosecution's case must be dismissed.

**Failure to Include "Guilt Beyond a Reasonable Doubt" in Motion for
Judgment Notwithstanding the Verdict, and
Counsel's Alleged Absence During the Punishment Phase of Trial**

The petitioner's claims that counsel failed to include "guilt beyond a reasonable doubt" in his motion for judgment notwithstanding the verdict – and that counsel was absent at the punishment phase – are not supported in the record. The motion for judgment notwithstanding the verdict argues that no reasonable juror could have found the petitioner guilty beyond a reasonable doubt. S.C.R., Vol. 1, pp. 38-39. Counsel was present at the sentencing hearing on October 10, 2002, as he cross-examined the state's witnesses and argued that the state had failed to meet its burden of proof. S.C.R., Vol. 4, pp. 317-334. These claims are thus without substantive merit and shall be dismissed.

**Appellate Counsel Abandoned the Petitioner
After Filing the Brief for Appellant**

The petitioner claims that appellate counsel abandoned him after filing the appellants's brief. However, counsel did all that was required of him in pursuing the appeal and filing the appellant's brief. In addition, the petitioner has not stated what more counsel could have done for him on appeal. Criminal defendants have no right to counsel for discretionary review; as such, counsel's decision not to seek discretionary review for the petitioner was proper. *Jackson v. Johnson,* 217 F.3d 360, 365 (5th Cir. 2000), *reh'g denied,* August 21, 2000 (a criminal defendant has no constitutional right to counsel to file a motion for rehearing following the disposition of his case on direct appeal."); *Moore v. Cockrell,* 313 F.3d 880, 882 (5th Cir. 2002), *reh'g denied,* January 21, 2003 (citing *Ross v. Moffit,* 417 U.S. 600, 619, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (no right to counsel for discretionary review in state court)). Finally, the

petitioner has not show prejudice in counsel's decision not to pursue discretionary review, as the petitioner himself filed both a petition for rehearing and a petition for certiorari review – and was afforded discretionary review by the court. He then filed a petition for a writ of *certiorari* in the United States Supreme Court. As such, the petitioner suffered no prejudice from counsel's actions. Counsel advocated zealously for his client. Indeed, the trial judge stated on the record that counsel had done a good job representing the petitioner in the case. S.C.R., Vol. 4, p. 316. Therefore, the state supreme court's finding that the petitioner received effective assistance of counsel was neither contrary to nor an unreasonable application of clearly established federal law.

### Erroneous Sentencing as a Habitual Offender

The petitioner's final claim in Ground Six is that he was erroneously sentenced as a habitual offender. This issue was discussed by the Mississippi Court of Appeals on direct review of the petitioner's conviction and sentence. The court found that the petitioner had been convicted of two or more felonies in Tennessee, that he was "sentenced to and served separate terms of one year or more in Tennessee's penal institutions, and that one of his prior convictions was a crime of violence, aggravated assault." *Holbrook,* 877 So. 2d at 535. The court thus determined that the petitioner meets the definition of a habitual offender under MISS. CODE ANN. § 99-19-83. This claim is therefore meritless and shall be dismissed.

The petitioner argued for the first time on state post-conviction review that he was improperly sentenced as a habitual offender to more life terms than permitted under the indictment. He argues that Count 5 of the indictment only charged him as a habitual offender on counts 1, 2 and 3 – but not Count 4. This claim was not, however, included in the arguments

raised on direct appeal and is thus barred under MISS. CODE ANN. § 99-39-21(1), as discussed above. In any event, the petitioner would spend the rest of his natural life in prison, regardless of whether he did so under three life sentences or four.

In sum, all of the petitioner's claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of July, 2007.

/s/ Glen H. Davidson
SENIOR JUDGE